<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ELLISTON G. JACOBS, JR., | : | Civil No. 04-5714 (FLW) |
| Plaintiffs, | : | |
| v. | : | **O P I N I O N** |
| MARK BIERSHMIDT, | : | |
| Defendants. | : | |

**APPEARANCES**:

    ELLISTON G. JACOBS, JR., #1516054SD, Plaintiff <u>Pro</u> <u>Se</u>
    Camden County Correctional Facility
    P.O. Box 90431
    Camden, New Jersey  08102

<u>**WOLFSON,**</u> District Judge:

    Plaintiff Elliston G. Jacobs, Jr., a prisoner who is confined at Camden County Correctional Facility, seeks to file a Complaint.  The Court (1) grants Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>; (2) directs the Clerk to file the Complaint; (3) assesses the $250.00 filing fee against Plaintiff; (4) directs the agency having custody of Plaintiff to deduct an initial partial filing fee from Plaintiff's prison account and forward same to the Clerk of the Court, when funds exist; and (5) directs the agency having custody of Plaintiff to forward payments from Plaintiff's prison account to the Clerk each subsequent month the amount in the account exceeds $10.00, until the $250.00 filing fee is paid in full.  <u>See</u> 28 U.S.C. § 1915(a), (b).  Having thoroughly reviewed Plaintiff's pleading, the Court dismisses the Complaint.

**I.  BACKGROUND**

Plaintiff sues two police detectives and the Camden County Prosecutor's Office for violation of his constitutional rights.  Plaintiff asserts that on November 4, 2004, Detective Mark Biershmidt and a prosecutor from the Burlington County Prosecutor's Office escorted him to an interrogation room located on the second floor of the Burlington County Court House.  The police read him his Miranda rights and asked him to sign a form indicating his consent to questioning.  Plaintiff states that the officers began asking him questions.  Plaintiff asserts that he told them that he was invoking his rights under the Fifth Amendment and he refused to answer questions without an attorney.  Plaintiff asserts that Biershmidt told him that he would not be afforded an attorney and that he was to answer the questions immediately.  Plaintiff alleges that, although he repeatedly refused to answer questions, the officers continued asking questions and demanding that he answer them.  Plaintiff asserts that he did not answer the questions and that Detective Biershmidt threatened to put him back in jail if he were seen on the streets of Mt. Holly.  For violation of his constitutional rights, Plaintiff seeks damages and injunctive relief restraining Detective Biershmidt.

**II.  LEGAL STANDARD FOR SUA SPONTE DISMISSAL**

The in forma pauperis statute, as amended by the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is

frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' "  Swierkiewicz v. Soreman, 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984));  see also Alston v. Parker, 363 F.3d 229, 233 n.6.

### III.  DISCUSSION

The Court liberally construes the above allegations as potentially asserting that police violated Plaintiff's Fifth Amendment right, applicable to states through the Fourteenth Amendment, to remain silent.  In Miranda v. Arizona, 384 U.S. 436 (1966), the Supreme Court prohibited the government from using "statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination."  Id. at 444. Miranda requires that, prior to a custodial interrogation, police must warn a person that he has a right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney, one will be provided.  Id. at 479.  The problem with Plaintiff's claim is that questioning a plaintiff in custody

3

after he invokes the right to remain silent is not a basis for a § 1983 claim as long as the plaintiff's statements are not used against him at a criminal trial. Cf. Chavez v. Martinez, 123 S. Ct. 1994 (2003); Renda v. King, 347 F.3d 550, 557-58 (3d Cir. 2003). Accordingly, Plaintiff's § 1983 claim based on a custodial interrogation by police fails because, according to the facts alleged in the Complaint, Plaintiff did not make a statement which was used against him to obtain a criminal conviction. Renda, 347 F.3d at 559 (right against self-incrimination not violated where police used statements obtained from a custodial interrogation where the plaintiff was not warned of his Miranda rights as a basis for filing criminal charges, but charges were later dismissed). Accordingly, the Court dismisses the Complaint for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

The Court grants Plaintiffs application to file the Complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a) and (b) and dismisses the Complaint.

    s/Freda L. Wolfson
    FREDA L. WOLFSON, U.S.D.J.

Dated: June 24 , 2005